# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

**SHAMENIA STEWART**, Next Friend of
**C. A.** a Minor,
        Plaintiff.

v

**EDISONLEARNING, INC.,** (formerly EDISON SCHOOLS, INCORPORATED), a foreign profit corporation,
**DETROIT ACADEMY OF ARTS AND SCIENCE,** a Public School Academy and Domestic Nonprofit Corporation, **STAN BOWMAN,** Superintendent, in his official and individual capacity, **THOMAS GOODLEY**, Principal, in his official and individual capacity,
**MR. THOMPSON**, Supervisor, in his official and individual capacity,
**TERRELL MARSH,** band instructor, in his official and individual capacity,
        Defendants.
_____

Robinson & Associates, P.C.
**David A. Robinson (P 47991)**
**Theophilus E. Clemons (P 47991)**
**Racine M. Miller (P 72612)**
Attorneys for Plaintiffs
28145 Greenfield Road, Ste. 100
Southfield, Michigan 48076
248-423-7234 Facsimile 248-423-7227
e-mail: darjd@earthlink.net
e-mail: attyclemons@netscape.com
e-mail: attymiller@davidrobinsonlaw.com
_____

## PLAINTIFF'S COMPLAINT AND DEMAND FOR JURY

      NOW COMES the Plaintiff, Shamenia Stewart, as next Friend of C. A., a Minor, by and through her attorneys Robinson & Associates, P.C., and for her complaint against the Defendants states unto this Honorable Court as follows:

### INTRODUCTORY AND JURISDICTIONAL STATEMENT

1.     This is an action for money damages brought pursuant to 42 U.S.C. §§ 1983, and 1988, and the Fourth, and Fourteenth Amendments to the United States Constitution, and the laws of

the State of Michigan, against these named defendants in their individual capacities and official capacities and against the EdisonLearning, Inc. (formerly Edison Schools, Inc.) and the Detroit Academy of Arts and Sciences, a governmental entity pursuant to Section 115 of the United States Internal Revenue Code. Jurisdiction is based upon 28 U.S.C. §§ 1331, 1332 and 1343, and on the supplemental jurisdiction of this Court to entertain claims arising under state law pursuant to 28 U.S.C. § 1367(a).

2. As to the negligent conduct of the Defendants, it is alleged that the Defendants caused injuries to Plaintiff while acting in the course of employment or service or on behalf of their governmental employer and:

   a. Defendants were not acting or reasonably believe that they were acting within the scope of their authority,

   b. the governmental agency was engaged in the exercise or discharge of a governmental function, and

   c. the Defendants' conduct amounted to gross negligence that was the proximate cause of the injury or damage.

3. As to the intentional torts of the Defendants, it is alleged that:

   a. The acts were undertaken during the course of employment and the employee was acting, or reasonably believed that he was acting, within the scope of his authority,

   b. the acts were undertaken with lack of good faith, or were undertaken with malice, and

   c. the acts were not discretionary.

4. C. A., is the minor son of Shamenia Stewart, and at all times pertinent hereto was a student lawfully at Detroit Academy of Arts and Science, a public school academy in Detroit, Michigan.

5. Shamenia Stewart, at all times pertinent hereto was domiciled in and resided in Detroit, Michigan and she was, and is, the mother of the minor plaintiff, who resides with her.

6. Shamenia Stewart, pursuant to F. R. Civ. P. 17 (c), as mother of the minor Plaintiff, appoints herself Next Friend of the Plaintiff for purposes of this litigation and assumes all attendant duties and obligations consistent with said appointment.

7. Defendant EdisonLearning, Inc. (formerly Edison Schools, Incorporated, hereinafter "ELI") was at all times pertinent hereto, a Delaware corporation authorized to transact business in Michigan and was the entity that managed the Detroit Academy of Arts and Sciences.

8. Defendant Detroit Academy of Arts and Science (hereinafter "DAAS") is a public school academy and local governmental entity formed under Michigan law which may be held liable under 42 USC 1983 for violations of federal law perpetuated pursuant to a governmental custom or policy.

9. Defendant Stan Bowman, was at all times pertinent hereto, Superintendent of DAAS, supervisor of Defendants Goodley, Thompson and Marsh, and an employee of DAAS who was acting within the scope and course of his employment, and under color of law.

10. Defendant Thomas Goodley was at all times pertinent hereto, the Principal of DAAS, supervisor of Defendants Thompson and Marsh, and an employee of DAAS who was acting within the scope and course of his employment, and under color of law.

11. Defendant Thompson was at all times pertinent hereto, department head of DAAS, supervisor of Defendant Marsh, and an employee of DAAS who was acting within the scope and course of his employment, and under color of law.

12. Defendant Terrell Marsh, was at all times pertinent hereto, an employee/teacher at DAAS, who was acting within the scope and course of his employment, and under color of law.

13. The facts, circumstances and conduct which form the basis of this matter occurred in the city of Detroit, County of Wayne, State of Michigan.

14. The amount in controversy exceeds the sum of Seventy-Five Thousand ($75,000.00) Dollars, exclusive of costs, interest and attorneys fees.

## FACTUAL ALLEGATIONS

15. Plaintiff re-alleges each and every prior paragraph as if fully set forth herein.

16. During and throughout September of 2007 and February of 2008, Plaintiff was a student at DAAS.

17. During this time, Defendant Terrell Marsh was the music teacher at DAAS.

18. During this time, Defendant Marsh repeatedly touched the minor Plaintiff on his buttocks, pulled the Plaintiff's pants down and performed fellatio upon the minor child.

19. Defendant Marsh repeatedly made sexually lewd and suggestive remarks to the minor child.

20. Defendant Marsh threatened the minor child with physical harm if the minor child were to tell anyone of these events.

21. Defendant Marsh threatened to give the minor child a failing grade in music class if the minor child were to tell anyone of these events.

22. Defendant Marsh told the minor child that if the minor child told the principal of these events, that the Defendant Marsh would have the principal fired.

23. In approximately December of 2007, Defendant Marsh told the minor child that all of the music students and band members were going to Defendant Marsh's home for a school-related activity.

24. When the minor child arrived at Marsh's home, there was nobody there except the minor child and Defendant Marsh.

25. Defendant Marsh then tried to pull the minor child's pants down, and proceeded to put his hands down the pants of the minor child, and grabbed his own penis.

26. Defendant Marsh then gave the minor child a credit card, and told the minor child to purchase whatever he wanted, and not to tell anyone what had been happening.

27. Upon information and belief, Defendant Marsh obtained the minor child's home telephone number from the school emergency card, and began to call the minor child at home, telling the minor child that he wanted to perform fellatio on the minor child, and threatening to lower the child's grades if the child refused to comply.

28. In February 2008, the minor child finally told his mother what had been happening.

29. On February 21, 2008, the child was taken to the police, and the hospital, where a report of the misconduct was made.

### COUNT I: VIOLATION OF 42 U.S.C. 1983 AGAINST THE DEFENDANT MARSH: 14th AMENDMENT SUBSTANTIVE DUE PROCESS

30. Plaintiff realleges each and every paragraph set forth in the Complaint as if said paragraph were more fully and specifically stated herein.

31. By reason of his acts as set forth in the Complaint, Defendant Marsh acted under color of state law and with oppression and malice toward Plaintiff to the deprivation of his rights, privileges and immunities secured by the U.S. Constitution and laws, to wit;

> The right not to be deprived of liberty without due process of law, as secured by 4th and 14th Amendments to the Constitution of the United States of America;

32. Defendant Marsh committed an affirmative act of ordering his student to come to his home for an improper purpose, sexually accosting his student, performing sex acts on his

student, and these affirmative acts created a special relationship between Defendant Marsh and Plaintiff.

33. Defendant Marsh's affirmative acts created and/or increased the risk specific to Plaintiff, that Plaintiff would be exposed to injury through private acts thereby triggering the right of protection under the Due Process Clause.

34. Defendant Marsh knew, or clearly should have known, that his acts and omissions specifically endangered the Plaintiff.

35. Defendant Marsh was deliberately indifferent to the substantial risk of harm to the Plaintiff.

36. As a direct and proximate result of Defendant's conduct, Plaintiff suffered severe injury and damages as set forth in this Complaint.

### COUNT II: VIOLATION OF 42 U.S.C. 1983 AGAINST THE DEFENDANT MARSH: 14th AMENDMENT SUBSTANTIVE DUE PROCESS SCHOOL CORPORAL PUNISHMENT

37. Plaintiff realleges each and every paragraph set forth in the Complaint as if said paragraph were more fully and specifically stated herein.

38. By reason of his acts as set forth in the Complaint, Defendant Marsh acted under color of state law and with oppression and malice toward Plaintiff to the deprivation of his rights, privileges and immunities secured by the U.S. Constitution and laws, to wit;

> The right to be free of state intrusions into realms of personal privacy and bodily security through means so brutal, demeaning, and harmful as literally to shock the conscience, and to be free from the application of force which causes injury so severe, and which is so disproportionate to the need presented, inspired by malice or sadism such that it amounts to a brutal and inhumane abuse of official power.

39. Defendant Marsh, through his orders to his student, intended to discipline Plaintiff by the corporal punishment of sexually molesting him.

40. The force applied amounted to a brutal and inhumane abuse of official power literally shocking to the conscience.

41. As a direct and proximate result of Defendant's conduct, Plaintiff suffered severe injury and damages as set forth in this Complaint.

### COUNT III: 42 USC 1983: SUPERVISORY LIABILITY AGAINST DEFENDANTS ELI, BOWMAN, GOODLEY AND THOMPSON

42. Plaintiff re-alleges each and every paragraph set forth above as if said paragraph were more fully and specifically stated herein.

43. The individually named Defendants, and each of them, while acting under color of law, by acts and omissions, did affirmatively subject Plaintiff to deprivation of his rights, privileges and immunities as secured by the Constitution of the United States as follows:

   a. The right not to be deprived of liberty without due process of law as provided by the 4th and 14th Amendments to the U.S. Constitution; and

   b. The right to be free from unreasonable seizures and to be secure in his person and be free from unnecessary force as provided by the 4th and 14th Amendments to the U.S. Constitution.

   c. The right to be free of state intrusions into realms of personal privacy and bodily security through means so brutal, demeaning, and harmful as literally to shock the conscience, and to be free from the application of force which causes injury so severe, and which is so disproportionate to the need presented, inspired by malice or sadism such that it amounts to a brutal and inhumane abuse of official power.

44. The acts and omissions of Defendants ELI, Goodley, Bowman and Thompson were under color of law, and were in accordance with the practice, usage, policy and procedures, and customs of DAAS policies of deliberate indifference to Plaintiff's rights as secured under the U.S. Constitution.

45. Defendants ELI, Goodley, Bowman and Thompson had knowledge of the propensities of Defendant Marsh and other school employees, and knowledge of their routine violations of students' constitutional rights, and/or authorized said conduct, and/or failed to train, supervise, and/or discipline said employees and/or participated in, encouraged, acquiesced and/or even promoted said unconstitutional conduct.

46. Defendants ELI, Goodley, Bowman and Thompson were aware of facts from which the inference could be drawn that a substantial risk of serious harm existed, and was conscious of the risk of harm posed by the conduct of school employees, including, but not limited to, Defendant Marsh.

47. Defendants ELI, Goodley, Bowman and Thompson's failure under the circumstances to properly supervise, train and/or discipline school employees who engaged in such unconstitutional conduct, including the Defendant Marsh, was objectively unreasonable and demonstrated a deliberate indifference to substantial risk of harm to students.

48. As a direct and proximate result of each Defendants conduct, Plaintiff suffered injury and damage as more fully set forth below.

## COUNT IV: ASSAULT AND BATTERY

49. Plaintiff re-alleges each and every paragraph set forth above as if said paragraph were more fully and specifically stated herein.

50. The acts and omissions of Defendant Marsh as set forth above amounted to unwanted touching of Plaintiff's person, done without his consent, sufficient to constitute an assault and battery, as he was placed in imminent fear of an unlawful, unconsented touching.

51. The acts and omissions of Defendant Marsh as set forth above amounted to an assault and battery committed without justification, privilege or basis in law or fact.

52. As a direct and proximate result, Plaintiff suffered injury and damage as more fully set forth below.

## COUNT V: FALSE IMPRISONMENT

53. Plaintiff re-alleges each and every paragraph set forth above as if said paragraph were more fully and specifically stated herein.

54. Defendant Marsh caused Plaintiff to be restrained and deprived of his freedom of movement.

55. The imprisonment was against Plaintiff's will.

56. The Defendant accomplished the imprisonment by setting in motion actual physical force.

57. Defendant Marsh's actions were intentional and proximately caused an unlawful imprisonment of Plaintiff, thereby causing injury.

## COUNT VI: GROSS NEGLIGENCE

58. Plaintiff re-alleges each and every paragraph set forth above as if said paragraph were more fully and specifically stated herein.

59. Defendants, and each of them, owed Plaintiff a duty to perform their respective duties as managing entity, superintendent, principal, departmental head, and teacher, competently without causing unnecessary injury or harm.

60. Defendants breached said duties by their conduct as set forth herein.

61. The acts and omissions of Defendants constituted conduct so reckless as to demonstrate a substantial lack of concern for whether injury resulted to Plaintiffs.

62. As the direct and proximate result of the individual Defendants' gross negligence, Plaintiff suffered injury and damage as more fully set forth below.

## COUNT VII: INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

63. Plaintiff re-alleges each and every paragraph set forth above as if said paragraph were more fully and specifically stated herein.

64. The individual Defendants' conduct as set forth above was intentional, extreme, outrageous, and of such character as not to be tolerated by a civilized society.

65. Defendants' conduct was for an ulterior motive or purpose.

66. Defendants' conduct resulted in severe emotional distress to Plaintiff.

67. As a direct and proximate result of each Defendant's conduct, Plaintiff suffered extreme emotional distress, injury and damage as more fully set forth below.

## COUNT VIII: PURSUANT TO 42 USC 1983
## AGAINST DETROIT ACADEMY OF ARTS AND SCIENCE

68. Plaintiff re-alleges each and every paragraph set forth above as if said paragraph were more fully and specifically stated herein.

69. The above-described conduct of the individual Defendants was performed under color of law while they were working as employees of Defendant Detroit Academy of Arts and Science.

70. The Defendants' above-described conduct deprived Plaintiff of his clearly established rights.

71. Defendant DAAS knew or should have known of these Defendants' propensity for such unconstitutional conduct.

72. Defendant DAAS failed to safeguard against said known unconstitutional conduct and such failure amounted to a tacit approval of said conduct and Defendant is directly liable for violation of Plaintiff's liberty and bodily security interests and his right to be free from unreasonable, illegal seizure, corporal punishment and/or excessive force.

73. Defendant DAAS had a custom, pattern and/or practice of failing to take disciplinary action to correct or remedy the unlawful conduct of Defendants and other school employees who engaged in similar unconstitutional conduct.

74. Defendant also had a custom, pattern and/or practice of failing to discipline, supervise and/or train the individual Defendants and other employees who engaged in similar unconstitutional conduct; Defendant also had a policy permitting corporal punishment.

75. Defendant DAAS had a long standing custom, pattern and/or practice of demonstrating deliberate indifference to unreasonable, illegal seizures, excessive force and/or the use of corporal punishment against students.

76. Defendant DAAS demonstrated deliberate indifference by the adherence to, application and interpretation of, and/or acquiescence in the following policies, customs, patterns and practices, which were wholly defective:

   a. failing to adequately screen employees for propensities for abuses of power and psychological disturbances which could foreseeably endanger students;

   b. tacitly approving an unwritten custom of failing to discipline employees who made unreasonable, illegal seizures, used excessive force and inflicted corporal punishment;

   c. failing to adequately investigate complaints against employees who were claimed to have performed unreasonable, illegal seizures; used excessive force and inflicted corporal punishment;

   d. Failing to train and/or supervise employees regarding proper applications of discipline, uses of force and corporal punishment.

77. Defendant DAAS was aware of facts from which the inference could be drawn that a substantial risk of serious harm existed, and was conscious of the risk of harm posed by the conduct of its employees, including the individual Defendants.

78. Defendant DAAS's failure under the circumstances to properly supervise, train and/or discipline its employees, including the Defendants herein and others who engaged in similar unconstitutional conduct was objectively unreasonable, demonstrated a tacit approval and demonstrated a deliberate indifference to incidents and complaints involving its employees.

79. As a direct and proximate result of the acts and omissions of DAAS, Plaintiff suffered severe injury and damage as set forth herein.

**COUNT IX: BREACH OF STATUTORY DUTIES UNDER THE MICHIGAN CHILD PROTECTION ACT AGAINST DEFENDANTS GOODLEY, BOWMAN AND THOMPSON**

80. Plaintiff incorporates by reference each and every preceding paragraph as if specifically set forth herein.

81. Defendants were statutorily required to protect Plaintiff from abuse and neglect, and to otherwise ensure his health, safety and welfare, pursuant to the MCL 722.621, *et seq.*

82. Defendants had reasonable cause to suspect child abuse or neglect.

83. Defendants were statutorily required to immediately report instances of suspected child abuse to the Michigan Department of Human Services. MCL 722.621.

84. Defendants Goodley, Bowman and Thompson failed to report the incident to the Michigan Department of Human Services or any law enforcement authority as required under the Child Protection Act.

85. As a direct and proximate result of Defendants' breach of their statutory duty to protect Plaintiff's decedent under MCL 722.621, *et seq.*, Plaintiff suffered injury and damage, as more fully set forth below.

## COUNT X: REQUEST FOR MANDAMUS RELIEF AGAINST DEFENDANTS DAAS, GOODLEY, BOWMAN AND THOMPSON

86. Plaintiff incorporates by reference each and every preceding paragraph as if specifically set forth herein.

87. Defendants are statutorily required to immediately report instances of suspected child abuse to the Michigan Department of Human Services. MCL 722.621.

88. Plaintiff has a clear legal right to compel the discharge of said duty.

89. As a proximate result of Defendants failure to discharge their statutory duty, Plaintiff suffered injury and damages.

90. Plaintiff requests this Court issue a Writ Of Mandamus pursuant to MCR 3.305 ordering Defendants to comply with MCL 722.621, and immediately report instances of suspected child abuse to the Michigan Department of Human Services.

## DAMAGES

91. Plaintiff re-alleges and incorporates all preceding paragraphs as if fully set forth word for word herein.

92. That as a/the direct and proximate result of each and every one of the named Defendant's actions as set forth within this Complaint, Plaintiff suffered injury and damages, including, but not limited to:

   a. Loss of liberty;

   b. Physical injury and pain and suffering;

   c. Humiliation, outrage, indignity, mental distress, anxiety and sleeplessness, and depression, embarrassment, shock and trauma;

   d. Other damages currently unascertainable;

   e. Exemplary damages and reasonable attorney fees.

WHEREFORE, Plaintiff Shamenia Stewart, as Next Friend of C.A., a minor, respectfully requests that this Honorable Court grant judgment against the Defendants for whatever amount in excess of Seventy-five Thousand ($75,000.00) Dollars to which Plaintiff is found to be entitled, plus interest, costs and attorney fees.

                                              Respectfully submitted,
                                              Robinson & Associates, P.C.

                                            By:  s/Racine M. Miller
                                                   Attorneys for Plaintiff
                                                   28145 Greenfield Road, Suite 100
                                                   Southfield, Michigan 48076
                                                   (248) 423-7234
                                                   attymiller@davidrobinsonlaw.com
Dated: October 2, 2009                        (P72612)

## **JURY DEMAND**

NOW COMES Plaintiffs Shamenia Stewart, as Next Friend of C.A., a Minor, by and through her undersigned attorneys, and hereby demand a trial by jury of each and every matter at issue in the above-entitled cause.

                                              Respectfully submitted,
                                              Robinson & Associates, P.C.

                                            By:  s/Racine M. Miller
                                                 Attorneys for Plaintiff
                                                 28145 Greenfield Road, Suite 100
                                                 Southfield, Michigan 48076
                                                 (248) 423-7234
                                                 attymiller@davidrobinsonlaw.com
Dated: October 2, 2009                       (P72612)