UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

SHAMENIA STEWART, Next
Friend of C.A., a minor,

      Plaintiff,                                     Case No. 09-13905
                                                       Hon. Gerald E. Rosen
vs.                                                    Magistrate Judge Michael Hluchaniuk

DETROIT ACADEMY OF ARTS
& SCIENCES, *et al.,*

      Defendants.
_____/

**ORDER OVERRULING PLAINTIFF'S OBJECTIONS TO
MAGISTRATE JUDGE'S ORDER COMPELLING RULE 35 EXAMINATION**

At a session of said Court, held in
the U.S. Courthouse, Detroit, Michigan
on     January 5, 2011    

PRESENT: Honorable Gerald E. Rosen
                  Chief Judge, United States District Court

By order dated November 16, 2010, Magistrate Judge Michael Hluchaniuk directed Plaintiff's next friend, C.A., to submit to a mental examination by psychiatrist Rosalind Griffin, M.D. Plaintiff now objects to four conditions set forth in the Magistrate Judge's order: (i) that no third party, including Plaintiff's counsel, may be present in the examination room during the examination, and that the examination may not be recorded; (ii) that the duration of the examination may not exceed 4.5 hours; (iii) that there is no restriction upon the subject matter of Dr. Griffin's examination; and (iv) that Dr. Griffin is permitted to take a photograph of C.A., to retain in her file for the sole purpose of

refreshing her recollection concerning C.A. As discussed briefly below, the Court finds no basis for disturbing the Magistrate Judge's rulings on these points.

As a threshold matter, the "objections" lodged by Plaintiff to the Magistrate Judge's order consist almost exclusively of (i) identification of the objectionable aspects of this order, followed by (ii) incorporation by reference of the arguments made by Plaintiff in her initial response to Defendant Marsh's underlying motion to compel a Rule 35 examination. As noted in Defendant Marsh's response to Plaintiff's objections, this Court has previously expressed its disapproval of this broad-brush approach to challenging a Magistrate Judge's ruling. *See Smith v. Commissioner of Social Security,* No. 08-14893, 2009 WL 4583587, at *1 n.1 (E.D. Mich. Dec. 3, 2009). In this case, the Magistrate Judge explained at a November 12, 2010 hearing the specific grounds for each condition that has been incorporated into the challenged November 16 order. (*See* 11/12/2010 Hearing Tr. at 26-31.) Yet, Plaintiff has not even attempted to identify any particular aspects of the Magistrate Judge's reasoning that are either "clearly erroneous" or "contrary to law," as necessary for this Court to set aside the Magistrate Judge's order. *See* 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a). On this basis alone, then, the November 16 order must be sustained for lack of valid, specific objections.

In any event, the Court is confident that the Magistrate Judge acted well within his discretion in imposing the conditions challenged by Plaintiff. First, with respect to the Magistrate Judge's determination that neither Plaintiff's counsel nor any third party may be present during Dr. Griffin's examination and that this examination may not be

2

recorded, the Magistrate Judge explained that he was adhering to the "standard position that I believe is followed by most Judges in this district and that I've followed in the past" — namely, that neither third parties nor recordings would be permitted absent "some special need or other good reason" for such measures. (11/12/2010 Hearing Tr. at 26-27.) Plaintiff does not contend that the Magistrate Judge clearly erred in this ruling — to the contrary, Plaintiff acknowledged in her response to Defendant's motion and at the November 12 hearing that the Magistrate Judge had "wide discretion" in setting this and the other conditions for a Rule 35 examination. (*See* Plaintiff's 10/13/2010 Response Br. at 7; *see also* 11/12/2010 Hearing Tr. at 17-19.) As the Magistrate Judge observed, C.A. is "almost 18 years old,"[1] and there is "every reason to believe Dr. Griffin, a very experienced psychiatrist[,] will deal with [C.A.] in an appropriate manner." (11/12/2010 Hearing Tr. at 27.) Under this record, the Magistrate Judge did not abuse his discretion or act contrary to law in closing Dr. Griffin's examination to Plaintiff's counsel, third parties, or recordings.[2]

Plaintiff next contends that the 4.5 hours allowed by the Magistrate Judge for Dr.

---

[1] It appears from the record that C.A. has since turned 18.

[2] In a new argument alluded to near the end of the November 12 hearing and raised in her present objections, Plaintiff cites a provision in a federal wiretap statute, 18 U.S.C. § 2511(2)(d), as purportedly conferring upon C.A. the right to record Dr. Griffin's examination. The provision in question, however, merely states that "[i]t shall not be ***unlawful under this chapter***" for a person to intercept a communication to which he is a party. 18 U.S.C. § 2511(2)(d) (emphasis added). Plainly, this exemption from liability under a particular federal statute does not confer a broad, affirmative right to record any and all communications to which a person is a party, particularly where (as here) a court has exercised its authority under Fed. R. Civ. P. 35(a)(2)(B) to order that an examination ***not*** be recorded.

Griffin's examination of C.A. is excessive. Yet, to the extent that Plaintiff's challenge on this point rests upon, and incorporates by reference, the arguments advanced in her response to Defendant's underlying motion, this response brief was utterly silent on the question of a reasonable time limit for Dr. Griffin's examination. Likewise, at the November 12 hearing, Plaintiff's counsel stated only that Defendant's requested 4.5 hour time limit was "a bit much," without further elaboration. (11/12/2010 Hearing Tr. at 20.) In any event, even if this objection has not been waived by Plaintiff's failure to present a supporting argument, the Court readily concludes that the Magistrate Judge did not clearly err or act contrary to law in determining that a 4.5 hour time limit was reasonable.

Next, Plaintiff challenges the Magistrate Judge's refusal to restrict the subject matter Dr. Griffin may explore at the examination. Again, Plaintiff's counsel gave this matter only cursory treatment at the November 12 hearing, (*see* 11/12/2010 Hearing Tr. at 19), so this objection has likely been waived. Moreover, as the Magistrate Judge explained at the hearing, the scope of Dr. Griffin's examination is necessarily limited to matters of relevance to Plaintiff's claims, but this may entail an inquiry into "other circumstances that may have existed in this young man's life that may have contributed to whatever mental health condition he is experiencing at the present time." (*Id.* at 29.) Thus, the Magistrate Judge appropriately declined to limit the subject matter of the examination in the manner proposed by Plaintiff.

Finally, Plaintiff objects to the provision in the Magistrate Judge's order that permits Dr. Griffin "to take a photograph of [C.A.] which shall be retained in her file and

4

used for no other purpose than to refresh her recollection concerning [C.A.]." (11/16/2010 Order at 4.) Based on this narrowly tailored language, the Court fails to see how this would "embarrass, harass and intimidate" C.A., as contended in Plaintiff's objections. (Plaintiff's Objections at 3.) Rather, as expressly stated in the Magistrate Judge's order, this photograph will remain solely in Dr. Griffin's file, and will serve only the limited purpose of refreshing Dr. Griffin's recollection when she is called upon to testify as to her findings. The Court finds that the Magistrate Judge's imposition of this condition was neither clearly erroneous nor contrary to law.

      For these reasons,

NOW, THEREFORE, IT IS HEREBY ORDERED that Plaintiff's November 30, 2010 objections (docket #83) to the Magistrate Judge's November 16, 2010 order compelling a Rule 35 mental examination are OVERRULED.

                                  s/Gerald E. Rosen
                                  Chief Judge, United States District Court

Dated: January 5, 2011

I hereby certify that a copy of the foregoing document was served upon counsel of record on January 5, 2011, by electronic and/or ordinary mail.

                                  s/Ruth A. Gunther
                                  Case Manager